IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHN E. WHITE,                           )
AIS #148147,                             )
                                         )
          Plaintiff,                     )
                                         )
     v.                                  )     CASE NO. 2:08-CV-362-MHT
                                         )          [WO]
                                         )
RICHARD ALLEN, et al.,                   )
                                         )
          Defendants.                    )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, John E. White ["White"], a state inmate, challenges the conditions of confinement to which he was subjected during his incarceration in the Montgomery County Detention Facility.  White names Richard Allen, commissioner of the Alabama Department of Corrections, D. T. Marshall, the sheriff of Montgomery County, Alabama, Lt. Finley, an officer at this facility, and nurse Bailey, a member of the facility's medical staff, as defendants in this cause of action.

Upon review of the complaint, the court concludes that Richard Allen is due to be dismissed as a party to this cause of action.[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**DISCUSSION**

White lists Richard Allen as a defendant based solely on Allen's position as commissioner for the Alabama Department of Corrections.  Allen was not personally involved in the actions about which White complains nor does he have any authority over the operation of the Montgomery County Detention Facility.  In light of the foregoing, the court concludes that the plaintiff's claims against defendant Allen lack an arguable basis in law and are therefore subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against Richard Allen be dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  Richard Allen be dismissed as a defendant in this cause of action.

3.  The plaintiff's claims against defendants Marshall, Finley and Bailey be referred back to the undersigned for further appropriate proceedings.

 It is further

ORDERED that on or before June 5, 2008 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the

---

[2]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives set forth in the present statute.

Magistrate Judge's Recommendation objected to.   Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.   *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 23rd day of May, 2008.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE